UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KANDY PIERRE,

                    Plaintiff,

    v.

N.Y.C. FIRE DEPARTMENT,

                    Defendant.

**MEMORANDUM & ORDER**
22-CV-7425 (HG) (SJB)

**HECTOR GONZALEZ**, United States District Judge:

On December 7, 2022, Plaintiff Kandy Pierre commenced this fee-paid *pro se* action against the New York City Fire Department ("FDNY")[1] alleging claims under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-2000e-17; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. *See generally* ECF No. 1 (Complaint). On January 20, 2023, Judge Morrison, the judge previously assigned to this case, issued an order allowing Plaintiff to amend her Complaint to address pleading deficiencies identified by the Court and warning that "an amended complaint does not simply add to the first complaint: once an amended complaint is filed, it completely replaces the original." ECF No. 10 (January 20th Order). Plaintiff filed an Amended Complaint on March 31, 2023. ECF No. 15 (Amended Complaint). Thereafter, on

---

[1] Defendant asserts that the FDNY, as an agency of the City of New York, is not a suable entity and that the proper party in this action should be the City of New York. ECF No. 23 at 1, fn. 1 (Defendant's Reply). Because Plaintiff is proceeding *pro se*, I will consider Plaintiff's complaint against the FDNY as if she had brought her claims against the City of New York directly. *See, e.g., Cameron v. Coach Apparel Store*, No. 07-cv-3991, 2009 WL 536068, at *2 (S.D.N.Y. Mar. 3, 2009) ("Keeping in mind that Plaintiff appears *pro se*, the Court will construe his claims against the New York Police Department, . . . which is not a suable entity, as being claims against the City of New York."); *Maier v. NYPD*, No. 08-cv-5104, 2009 WL 2915211 at *2 (E.D.N.Y. Sept. 1, 2009) (construing plaintiff's claims against a city agency as claims against the City of New York and finding that the complaint still failed to state a claim for liability).

June 14, 2023, Defendant moved to dismiss the Amended Complaint. ECF No. 18. For the reasons set forth herein, Plaintiff has failed to cure the pleading deficiencies identified in the January 20th Order and her Amended Complaint is therefore dismissed with prejudice.

## BACKGROUND

Plaintiff's Amended Complaint raises a single claim under the ADA. ECF No. 15 at 2. Specifically, Plaintiff, who had been employed as an Emergency Medical Technician ("EMT") with the FDNY, alleges that on March 27, 2021, an FDNY captain—Captain White—advised her that she needed to go home and that she was no longer on the FDNY payroll because she had allowed her EMT certification to expire. *Id.* ¶ 5. She further alleges that the FDNY "made it difficult for [her] to obtain her [EMT] certification," *id.* ¶ 6, and that after she had obtained the certification on her own, she "was not given any assistan[ce] to [a]ccommodate [her] disability," *id.* ¶ 7. Plaintiff appears to allege that, because of a prior injury she had sustained, she was not permitted to get recertified through the FDNY until she had been "cleared by the doctor to do [her] refresher [training]." *Id.* ¶ 9(D).

Plaintiff makes additional allegations in an affidavit she filed in opposition to the motion to dismiss. *See* ECF No. 22 (Affidavit in Opposition).[2] According to the Affidavit, Plaintiff was hired by the FDNY as an "EMT/dispatcher" in 2016. *Id.* ¶ 10. As best as I can tell from the Affidavit, Plaintiff appears to have been the subject of numerous disciplinary infractions in 2017

---

[2] Although the general rule is that a plaintiff may not raise new allegations in her opposition to a motion to dismiss, because Plaintiff is representing herself, I will consider both the allegations in the Amended Complaint and in Plaintiff's Affidavit in Opposition in deciding the motion. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."); *Guzman v. Barr*, No. 19-cv-7163, 2021 WL 135909, at *2 (S.D.N.Y. Jan. 14, 2021) ("In addition to what is contained in the complaint, the Court may consider factual statements made in a *pro se* plaintiff's opposition to a motion to dismiss.").

requiring the intervention of her union. *Id*. ¶¶ 25–26. Plaintiff claims that she was charged with these infractions in retaliation for her seeking and obtaining a transfer from a duty station in the Bronx to an apparently more desirable assignment in Brooklyn. *Id*. ¶ 24. About two years later, in June 2019, Plaintiff was involved in an automobile accident and sustained a back injury. *Id*. ¶ 4. As a result of this injury, she "was placed on light duty." *Id*. ¶ 29. Thereafter, in August 2020, an FDNY medical board determined that she was "unfit for full EMS duties." *Id*. ¶ 33. Plaintiff claims that while she was on "light duty," she sought the assistance of the FDNY's Equal Employment Office and was informed that because of her injury the only available "reasonable accommodation" was as a dispatcher. *Id*. ¶ 41. Plaintiff was eventually given a "temporary reasonable accommodation" administering COVID-19 vaccines. *Id*. ¶¶ 48–49. It was during this assignment in March 2021 that she was informed by Captain White that she was being sent home because her EMT certification had expired. *Id*. ¶ 50; *see also* ECF No. 15 ¶ 5. Plaintiff alleges that years later, on June 13, 2023, she received what she calls a "termination letter" from the FDNY. ECF No. 22 ¶ 53; ECF No. 22, Exhibit 5 (Notice of Intended Action).[3]

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[4] A claim is plausible "when the

---

[3] As Defendant clarifies in its reply, *see* ECF No. 23 at 4, the "termination letter" does not actually appear to terminate Plaintiff but instead informs her that, because she has been absent from her position for "nearly one year or more" and is "assumed to be unable to perform the duties of [her] position by reason of an occupational injury," her employment with the FDNY is "subject to termination" unless "a written response to this letter is received . . . by **Friday July 14, 2023**." ECF No. 22, Exhibit 5 (emphasis in original). The letter provides Plaintiff with instructions regarding how to request authorization to "return to work" or file a response stating why her employment should not be terminated. *Id.* Plaintiff does not allege that she has actually been terminated from her employment with the FDNY.

[4] Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, the complaint must, at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

## DISCUSSION

### I. Plaintiff Has Failed to Plead Sufficiently That She Was Discriminated Against in Violation of the ADA

As detailed in the January 20th Order, the ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of

4

employees, employee compensation, job training, and other terms, conditions, and privileges of his employment."  42 U.S.C. § 12112(a).  Disability is defined in the statute as "(1) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; or (2) a record of such an impairment; or (3) being regarded as having such an impairment."  42 U.S.C. § 12101(2).

To make out a *prima facie* case of disability discrimination, a plaintiff must show that (1) the employer is subject to the ADA; (2) the plaintiff was a person with a disability within the meaning of the ADA; (3) the plaintiff was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) the plaintiff suffered an adverse employment action because of her disability.  *See McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013); *see also Clark v. Coca-Cola Beverages N.E., Inc.*, No. 20-cv-4040, 2022 WL 92060, at *2 (2d Cir. Jan. 10, 2022).

At the pleading stage, a plaintiff does not need to allege specific facts establishing each element of a *prima facie* case of discrimination.  *Vega v. Hempstead Union Sch. Dist.,* 801 F.3d 72, 86–87 (2d Cir. 2015); *see also Thomson v. Odyssey House*, No. 14-cv-3857, 2015 WL 5561209, at *16 (E.D.N.Y. Sept. 21, 2015) (applying the analysis employed in Title VII discrimination claims to an ADA discrimination case and noting that "[a]s with Title VII discrimination claims, . . . a plaintiff need not specifically plead each and every element of a prima facie case of discrimination to survive a motion to dismiss").  But a complaint must have facts that "plausibly suppor[t]" that "the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent."  *Johnson v. Andy Frain Servs., Inc*., 638 F. App'x 68, 70 (2d Cir. 2016); *see also Littlejohn v. City of New York*, 795 F.3d 310 (2d Cir.

5

2015) (an employment discrimination complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face).  Although Plaintiff bears a *de minimis* burden to establish her prima facie case, and while the Amended Complaint, when read in conjunction with Plaintiff's Affidavit, does state the nature of Plaintiff's disability, these new allegations, as with the original Complaint, do not set forth any facts that show how that alleged disability led to an adverse employment action against her.

In the Amended Complaint, Plaintiff alleges that Captain White, after noting that Plaintiff's "EMT certification had expired," told her to "go home" and that she would "no longer be on payroll and [was] not [to] report back to work until a supervisor schedule[d] [her] for the Academy for training."  ECF No. 15 ¶ 5.  Neither the Amended Complaint nor Plaintiff's Affidavit provides any additional allegations regarding the circumstances surrounding this interaction with Captain White.  *See generally* ECF No. 22.  For example, Plaintiff does not allege any fact linking her injury in June 2019 to her meeting with Captain White two years later in March 2021.  She therefore has failed to plead how her alleged disability was a motivating factor in any adverse employment action taken against her, and thus has not stated a plausible ADA claim.  *See Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) ("In order to establish a prima facie case of employment discrimination under the ADA, . . . a plaintiff must adequately plead that [s]he [suffered an adverse employment action] because of a qualifying disability."); *Thomson*, 2015 WL 5561209, at *16 (to survive a motion to dismiss, a plaintiff bringing a discrimination claim under the ADA must allege facts that show any adverse action taken against her "was taken *because of* her disability or perceived disability" and dismissing plaintiff's claims where she "failed to present any allegations that would give rise to the inference that her alleged disability or perceived disability played a motivating role" in her termination).

To the contrary, the only alleged basis for any purported adverse employment action according to both the Amended Complaint and Plaintiff's Affidavit is that she had failed to obtain her EMT certification in a timely manner.  *See* ECF No. 15 ¶ 5; *see also* Affidavit in Opposition, ECF No. 22 ¶ 50; *Powell v. Merrick Acad. Charter Sch.*, No. 16-cv-5315, 2018 WL 1135551, at *7–8 (E.D.N.Y. Feb. 28, 2018) (a plaintiff who included in her pleading an obvious alternative explanation for her termination had "undermined her own cause by alleging facts that refute any inference of discrimination").  Moreover, to the extent Plaintiff's claim can be interpreted as alleging that Defendant discriminated against her by failing to provide a reasonable accommodation, Plaintiff appears to concede that she received reasonable accommodations related to her disability when she was assigned to a vaccination position.  *See* ECF No. 22 ¶¶ 48-49.  To make out a "*prima facie* case of disability discrimination arising from a failure to accommodate," Plaintiff must establish that "with reasonable accommodation, [she] could perform the essential functions of the job at issue" and that her "employer has refused to make such accommodations."  *Williams v. MTA Bus Co.*, 44 F.4th 115, 125 (2d Cir. 2022).  Because Plaintiff acknowledges that, in an effort to provide her with a reasonable accommodation, Defendant assigned her to a vaccination-related role, she cannot show that Defendant refused to make reasonable accommodations and accordingly cannot make out a *prima facie* case of discrimination.

In short, Plaintiff has failed to allege sufficient facts demonstrating that Defendant violated her rights under the ADA.

## II.   The Court Declines to Grant Plaintiff Leave to Amend

In the last paragraph of her Affidavit in Opposition, Plaintiff "ask[s] the [C]ourt not to dismiss the [complaint] and, in the alternative, [to] give [her] an opportunity to amend the amended complaint."  ECF No. 22 ¶ 54.  Although the Second Circuit "strongly favors liberal

grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)," I decline to grant Plaintiff leave to amend. *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022) (affirming denial of leave to amend). "A court should freely give leave when justice so requires, but it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (affirming denial of leave to amend). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *In re Tribune Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021) (affirming denial of leave to amend).

Here, in its January 20th Order, the Court provided Plaintiff with a clear and unambiguous description of the deficiencies in her original Complaint, and also gave Plaintiff an opportunity to amend the Complaint to address those deficiencies. *See generally* ECF No. 10. The Court also warned Plaintiff that her amended complaint would "completely replace[] the original" and cautioned her to "include in her amended complaint all necessary information from the original complaint." *Id.* Thereafter, Plaintiff filed her Amended Complaint raising only one claim of discrimination under the ADA, while abandoning her previously raised claims of discrimination under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. *See generally* ECF No. 15. Then, as her opposition to the motion to dismiss, Plaintiff filed an Affidavit in Opposition alleging additional facts, ECF No. 22, which I have considered as a further amendment to the Amended Complaint.

As an initial matter, the fact that Plaintiff's Affidavit in Opposition provides no explanation about how she intends to amend further her Amended Complaint to provide

8

additional facts not already set forth in her Affidavit is sufficient reason by itself to deny leave to amend. *See Gregory v. ProNAi Therapeutics Inc.*, 757 F. App'x 35, 39 (2d Cir. 2018) (affirming denial of leave to amend where "plaintiffs sought leave to amend in a footnote at the end of their opposition to defendants' motion to dismiss" and "included no proposed amendments"); *Harris v. Mondelez Glob. LLC*, No. 19-cv-2249, 2020 WL 4336390, at *3 (E.D.N.Y. July 28, 2020) (denying leave to amend because plaintiff "offer[ed] no explanation of what new allegations might be added"). This conclusion is reinforced by the fact that Plaintiff has not attempted to explain what information she has learned since the filing of her Affidavit that she would include in a potential second amendment. *See Hawkins v. Coca-Cola Co.*, No. 21-cv-8788, 2023 WL 1821944, at *10 (S.D.N.Y. Feb. 7, 2023) (denying leave to amend where plaintiff amended the complaint once after a pre-motion conference and "ha[d] failed to otherwise suggest that she is in possession of facts that would cure the deficiencies that [d]efendants highlighted in the instant motion and that the [c]ourt highlighted in this [o]pinion"). "[L]eave to amend is properly denied where," as here, "all indications are that the *pro se* plaintiff will be unable to state a valid claim." *Jahad v. Holder*, No. 19-cv-04066, 2023 WL 8355919, at *10 (S.D.N.Y. Dec. 1, 2023). In any event, because I have considered the allegations raised for the first time in the Affidavit as if they were included in the Amended Complaint, Plaintiff has effectively been given a second opportunity to amend. *McKeever v. Singas*, No. 17-cv-4996, 2022 WL 5430426, at *15 (E.D.N.Y. June 16, 2022), *report and recommendation adopted*, 2022 WL 4095558 (E.D.N.Y. Sept. 7, 2022) (considering allegations raised for the first time in *pro se* plaintiff's opposition in deciding a motion to dismiss and denying plaintiff leave to file a third amended complaint).

## **CONCLUSION**

For the foregoing reasons, the motion to dismiss, ECF No. 18, is GRANTED. The Clerk of Court is directed to mail a copy of this Order to the *pro se* Plaintiff and to close this action. In addition, on or before February 7, 2024, Defendant is directed to send, via email to the email address listed in Plaintiff's civil cover sheet and mail to Plaintiff's last known mailing address, copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), and to submit to the Court at that time proof of service.

Although Plaintiff has paid the filing fee, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                 */s/ Hector Gonzalez* .
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated: Brooklyn, New York
        January 31, 2024